ROBERT C. McCOLLUM *et al.*, Plaintiffs-Appellants, *v.* HARVEY M. BENNETT *et al.*, Defendants-Appellees.

Third District   No. 80-524

Opinion filed July 14, 1981.

Brent H. Gwillim and B. Douglas Stephens, Jr., of Heyl, Royster, Voelker & Allen, of Peoria, for appellants.

Karen J. Steele and W. Thomas Johnston, of McConnell, Kennedy, Quinn & Johnston, of Peoria, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Peoria County in favor of the defendants, Harvey and Catherine Bennett, and against the plaintiffs, Robert and Mona McCollum. On January 31, 1976, the parties executed an agreement, the pertinent part of which reads: "We, Harvey M. & Catherine A. Bennett agree to sell said Business known as Harvey's Towing and Used Auto Parts & Property located at 1601 S.W. Adams St." The crux of the issue in the instant case is the meaning of the aforementioned passage. Plaintiffs contend that the passage refers not only to the business and personal property located at the address mentioned, but to the real property there as well. Defendants agree that the passage refers to the business and personal property but contend that it does not refer to real property.

In March 1976, the plaintiffs filed suit for specific performance of the agreement. They then filed an amended complaint requesting instead damages for breach of the agreement. The defendants filed an answer to the amended complaint admitting they operated the towing business, that the parties had executed the agreement, and that the agreement states in part that the defendant agreed to sell the business and property located at 1601 S.W. Adams Street. Defendants also asserted their readiness to perform the terms of the agreement. In response to the plaintiffs' request for admission of facts, defendants admitted that the lot at that address matched the legal address listed in the request for admission.

In May 1980, plaintiffs filed a second amended complaint. The second amended complaint alleged that the agreement was for the sale of real property as well as personal property. Defendants filed a motion to dismiss, raising the issues of the Statute of Frauds and election of remedy. The trial judge granted defendants' motion to dismiss the complaint with prejudice for the reason that the agreement sued on "is in violation of the Statute of Frauds in that the alleged real estate to be sold is not described

or mentioned in the contract, and further that the contract does not contain the essential terms and conditions of the alleged agreement upon which the claim for damage is based."

On appeal, plaintiffs raise three issues: (1) whether the agreement violated the Statute of Frauds; (2) whether the plaintiffs waived their right to assert the Statute of Frauds; and (3) whether the doctrine of election of remedy precludes plaintiffs from amending their complaint from specific performance to recovery of damages. We affirm.

■■ We initially deal with whether the agreement violated the Statute of Frauds. We believe the trial court's holding that the Statute of Frauds was violated was correct. There is nothing in the terms of the written agreement that indicates an agreement that the defendants were selling the real property located at 1601 S.W. Adams Street. It merely recites that the business and property located at that address are to be sold by the defendants and purchased by the plaintiffs. As the trial court stated, the real property to be sold is not mentioned in the written agreement, nor are any of the terms and conditions mentioned. Therefore, any agreement between the parties to sell the real property was oral and, therefore, unenforceable under the Statute of Frauds, unless this defense was waived by the defendants.

■■ Therefore, we next examine plaintiffs' second issue: whether the defendants waived the defense of the Statute of Frauds. We find no such waiver. The plaintiffs correctly state that the Statute of Frauds may be waived by an acknowledgment of the agreement and the subject matter thereof. However, in the instant case, while the defendants admit the existence of an agreement, they have steadfastly denied that the agreement referred to real property. Plaintiffs contend that the defendants' admission that the property at 1601 S.W. Adams Street was the same as the legal description contained in plaintiffs' request for admission of facts is evidence of an agreement to sell the real property. We disagree. Simply admitting that the address of real property conforms to its legal description is inadequate to prove the existence of an agreement to sell that real property. In the absence of any evidence showing defendants acknowledged an agreement to sell the real property, we find no waiver of the defense of the Statute of Frauds.

Because we hold that any agreement to sell the real property is unenforceable under the Statute of Frauds, we need not reach plaintiffs' final issue. Accordingly, the judgment of the trial court of Peoria County is affirmed.

Affirmed.

BARRY and HEIPLE, JJ., concur.